This is a petitory action in which Nelson Howard, Edwin Howard, Israel Howard, Theresa Howard, wife of Elmore Branch; Mrs. Frances Gorman, widow of Joe Montana, Herbert Enis, Antoine Damonde, Jr., Joseph Williams, and William Green, allege that they are the owners of a certain tract of land in the Parish of Plaquemines, more particularly described in their petition, but generally speaking one arpent front on the Mississippi River by forty arpents in depth. The petitioners allege that the defendant, John Miller, is in physical possession of a portion of the property without any title whatsoever and they ask for the vindication of their title.
The defendant interposed a number of defenses chiefly the prescription of thirty years acquirendi causa, which was maintained by the judge, a quo, and plaintiffs' suit dismissed, hence this appeal.
On February 13, 1873, the property in controversy was acquired by Julian Howard, James Green and Broadwell Williams from Albin Soulie, by act before E. Bouny, Notary Public. In the act of sale there appears the following: "And the said parties to this act declare that the above described tract of land herein conveyed is to be used exclusively as a public cemetery, and for the purpose of erecting thereon a house of public worship, under the control of the said purchasers and such, other persons as shall or may become associated with them in forming a corporation for said purpose."
It is the contention of the defendant that the three named vendees were acting on their own behalf and as agents for nine others who were the original organizers of the St. Joseph Baptist Church, the nine others being Ezra Howard, Richard Jones, Ephraim Taylor, Ceasar Howard, Clovis Miller, Jack Schaxnayder, Samuel Miller, William Hamilton, and Lloyd Williams.
[1] The plaintiffs in the suit derive their title as descendants of Julian Howard and James Green. They also claim title by virtue of a conveyance by one Gustave A. Hoth, dated April 18, 1940, who had acquired a two-thirds undivided interest from the present plaintiffs on January 26, 1938, but there is no evidence as to Hoth ever having acquired the other one-third. These reciprocal transfers, however, are attacked as simulated and were so held by the trial court and so viewed by us, consequently, the interest in the property under consideration which the plaintiffs have is such as they have acquired as descendants of two of the original three vendees.
The evidence clearly established the fact that the twelve individuals, nine of whom it is said consented to have the property appear in the name of the other three as a matter of convenience, organized the St. Joseph Baptist Church and caused a church building to be erected and a cemetery to be established on the property. It also appears that each of them selected a lot and erected a cabin on the front portion thereof, as appears by a plan of Henry Johnson, Civil Engineer and Parish Surveyor of Plaquemines Parish, dated January 19, 1938, which plan has been offered in evidence. There they resided continuously, to quote *Page 451 
from the trial judge, "contented in the belief their titles thereto were clear, on this mundane sphere, as well as in the skies. There they raised their children and their children's children. The original twelve have long since passed on to the cemetery for which they had provided; their children and their grandchildren continue to live on their plots aforesaid. Save and except the lands used for a residence as shown on the map, (supra), all this property has been dedicated to and used for church and cemetery purposes. As usual among all colored country churches, there has never been any act of incorporation, and there has never been any formal act of transfer or dedication of these lands other than that recited in the deed aforesaid. It appears from the evidence that no effort was ever made to secure a tax exemption for the church and cemetery, and until 1938 the taxes were paid by collection among all the original twelve and their heirs.
"Under these conditions and circumstances, peace and harmony reigned for more than sixty years, but alas and as usual there came an end. 'The oil man' came with visions of great oil values; 'the money changers got into the temple.' Dissension, strife and discord quickly supplanted the good fellowship and harmony that had reigned so long."
[2] The defendant is a descendant of Clovis Miller, one of the original twelve organizers of the church and cemetery, who was not named in the act of sale. The evidence satisfies us that "he, his father, and grandfather have been in continuous actual physical possession as owner of the lot or portion of this property on which he now resides for a period greater than sixty years". (Reasons for judgment.)
Article 3499 of the Revised Civil Code reads as follows: "The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith."
Article 3494 of the Revised Civil Code provides:
"By the word author in the preceding article, is understood the person from whom another derives his right, whether by a universal title, as by succession, or by particular title, as by sale, by donation, or any other title, onerous or gratuitous.
"Thus, in every species of prescription, the possession of the heir may be joined to that of the ancestor, and the possession of the buyer to that of the seller." See Durel, et al. v. Otto M. Tennison, 31 La. Ann. 538.
We are convinced that the defendant has proven actual, physical possession of himself and his ancestors in title for a period far beyond the requisite thirty years. We find no detailed description of the Miller property in the record. There is, however, as we have heretofore observed a plan prepared by Henry Johnson on which the property appears in the name of Clovis Miller. According to this plan the Miller property is a rectangle 114' by about 59' and adjoins on the west the Rodwell Williams lot which fronts on the public road in front of the Mississippi River, and on its eastern boundary by the William Hamilton property.
For the reasons assigned the judgment appealed from is affirmed, plaintiffs' suit is dismissed, the plea of prescription of thirty years is maintained and defendant is recognized as the owner of the following described property: "One certain rectangular lot forming a part of the tract of land in Phoenix, Louisiana, Parish of Plaquemines, which was purchased by Julian Howard, James Green and Broadwell Williams from Albin Soulie, for the St. Joseph Baptist Church by act before E. Bouny, Notary Public, on February 13th, 1873, measuring 114' by approximately 59' and adjoining the lot of Rodwell Williams on the west and the property of William Hamilton on the east, all more or less as appears upon a plan prepared by Henry Johnson, Civil Engineer and Parish Surveyor of Plaquemines Parish, dated New Orleans, Louisiana, January 19th, 1938."
Affirmed. *Page 558